O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SANDRA LUZ BEARDEN | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | Civil No. L-04-53 |
| | § | |
| DOUG DRETKE, | § | |
| EXECUTIVE DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
|     Respondent | § | |

## MEMORANDUM

Petitioner, Sandra Bearden, has filed a § 2254 petition and supporting memorandum. She attacks her Texas state court conviction for injury to a child, aggravated kidnapping and related offenses. (Docket Nos. 1 and 2). Now pending is Respondent's motion for summary judgment. (Docket No. 19). (Doug Dretke has replaced former Executive Director Gary Johnson, and the caption of the case changes accordingly.)

Magistrate Judge Marcel C. Notzon signed a report recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's petition for habeas corpus. (Docket No. 23). After careful review, the Court agrees with the Magistrate's recommendation.

1

This Memorandum addresses two elements of Bearden's ineffective-assistance-of-counsel claim, and also Bearden's objections to the Magistrate's findings and recommendation. (Docket No. 24). The Fourth Court of Appeals of Texas concluded that Bearden had not met the high standard required for showing ineffective assistance of counsel. <u>Bearden v. State</u>, No. 04-02-00019-CR, 2003 WL 202684, at *1-2 (Tex. App.-San Antonio Jan. 31, 2003)(not designated for publication). The Magistrate agreed. Although the Texas Court of Appeals did not focus on the adequacy of trial counsel's voir dire examination, both Bearden and the Respondent discuss two points about the voir dire in their respective filings.

First, Bearden alleges that her trial counsel did not conduct adequate voir dire because five of the jurors who decided her case had formed the opinion that she was guilty before trial. She observes that, on their juror questionnaires, the five jurors reported that they had heard about the case and apparently formed opinions about her guilt. However, the record further shows that when questioned by the trial judge, each of the five agreed that they could put aside what they had heard before the trial and decide the case on the evidence presented. The trial court excused other potential jurors who answered that they were unable to put aside what they had already heard. <u>Id.</u> at 81.

The exact nature of Petitioner's complaint is unclear. She

2

only states in conclusory fashion that there were "obviously hostile" jurors that adequate defense counsel should have tried to "weed out." The fact is that jurors who did not believe they could be impartial were identified and several were excused. The relevant question is whether jurors can lay aside their opinions and render a verdict based on the evidence they hear in court. Irvin v. Dowd, 366 U.S. 717, 722-23 (1961) (noting that, in this era of rapid media communication, most of the best qualified jurors will have formed some opinion about a case). Bearden provides no reason why the jurors who stated that they could be impartial should be disbelieved.

Bearden's reliance on Irvin is not persuasive. Neither Bearden's pleadings nor anything in the record presents the type of circumstances involved in that case. See Irvin 366 U.S. at 724-26 (discussing forty-six exhibits Irvin provided suggesting that potential jurors had heard not only that he had confessed to the crime charged, but of twenty-four unrelated burglaries, juvenile crimes and numerous additional accusations).

The second case on which she relies, Rideau v. State, did not turn on voir dire but rather a denial of a request for change of venue. 373 U.S. 723 (1963). There, a post-arrest "interview" with the defendant was broadcast on television three times to a large audience prior to trial. The "interview" portrayed a detailed confession of guilt by the defendant. No comparable situation is

presented here.  See id., 373 U.S. 723, 724-25 (stating that the decision did not turn on a detailed examination of the voir dire).

Second, Bearden asserts that her counsel was also inadequate for failing to discover that the jury foreman, Treven Edwards, had been charged with a misdemeanor in an unrelated case.  In her state court brief Bearden argues Edwards' pending charges gave him a reason to curry favor with the District Attorney's office, and that defense counsel should have asked the venire-members if they had pending charges.  The record indicates that judge told venire-members that they would be disqualified if they had pending felony or theft charges, and asked potential jurors who had disqualifications or questions about qualifications to come forward.

Under Texas law, a pending indictment or other legal accusation for a felony or misdemeanor theft is a disqualification from jury service.  Tex. Crim. Proc. Code Ann. §§ 35.16, 35.19 (Vernon 2005).  However, the presence of such a disqualified juror merits a new trial only if i) the defendant raises the issue before the verdict, or ii) if the disqualification is not discovered until after the verdict, the defendant must show that the disqualified juror's service caused her a significant harm.  Tex. Crim. Proc. Code Ann. § 44.46 (Vernon 2005). The mere fact of conviction is not a significant harm.  See Hernandez v. State, 952 S.W.2d 59, 71 (Tex. App.-Austin 1977, pet. granted, judgm't vacated on other

4

grounds).

The issue was discussed during a hearing on Bearden's motion for new trial. The record indicates that Edwards may have been arrested for, and perhaps initially charged with, a felony. However, he was ultimately arraigned for a non-theft misdemeanor, removing him from the statute's purview. Even if Edwards arguably had been "under legal accusation" for a felony, Bearden has not shown that his service caused her any harm or that her trial would have come out differently had another juror been seated instead.

Bearden's present counsel asserts that Edwards did not report his pending charges during voir dire, even when questioned by the judge. A trial lawyer need not conduct such a searching investigation when there is no reason to believe a juror has answered a judge's question untruthfully. See Fuller v. Johnson, 158 F.3d 903, 907 (5th Cir. 1998)(rejecting a Texas death row inmate's claim that his trial counsel should have discovered that a juror had been accused of theft).

It is unclear if Bearden is arguing that even though Edwards does not meet the technical requirements of the statute, his pending charges still create an unwaivable bias. In very limited cases the Fifth Circuit has recognized "implied bias," finding that a juror is biased as a matter of law. See Solis v. Cokrell, 342 F.3d 392 (5th Cir. 2003)(summarizing Fifth Circuit implied bias

law). Courts are extremely unlikely to impute bias to jurors. <u>Id.</u> at 396. When they do, it is usually because a juror has a "close relationship with one of the actors in the case" or was a victim of a similar crime. <u>Id.</u> at 398-99. Bearden has not shown that a pending misdemeanor charge that would not be a disqualification or require a reversal under state law constitutes bias as a matter of law.

Bearden's objections to the findings and recommendations of the Magistrate, (Docket No. 24), generally assert that the Magistrate's findings are contrary to the record and in error, but provide no specific citations to the record and no legal authority to support her objections. Specifically, on her ineffective assistance claims, she complains that the Magistrate found that "trial counsel [was] in no way deficient in any way whatsoever" with respect to several of her arguments. The Magistrate did not purport to find that trial counsel was error-free, but only that Bearden failed to show that the outcome of her trial would have been different but for counsel's alleged errors. <u>See</u>, <u>e.g.</u>, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)(setting a test for ineffective assistance of counsel under which a defendant is not entitled to a new trial, even if counsel erred, unless the errors so prejudice the defense that the trial's result is unreliable).

For the foregoing reasons, and those in Judge Notzon's Recommendation, Petitioner's claims have no merit. Respondent's

6

motion for summary judgment is GRANTED and the petition for habeas corpus will be dismissed.

DONE at Laredo, Texas, this 21st day of October, 2005.

George P. Kazen
United States District