O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SANDRA LUZ BEARDEN | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | Civil No. L-04-53 |
| | § | |
| DOUG DRETKE, | § | |
| EXECUTIVE DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
|     Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner, Sandra Bearden, filed a § 2254 petition attacking her Texas state court conviction for injury to a child, aggravated kidnaping, and related offenses. (Docket No. 1). The Court denied her petition on October 21, 2005. (Docket No. 27). Bearden filed a Notice of Appeal with the Fifth Circuit. She now moves for a Certificate of Appealability ("COA"). (Docket No. 28). For the reasons discussed below, the motion for a COA is DENIED.

Under 28 U.S.C. § 2253, a petitioner cannot appeal a district court's decision to deny habeas corpus relief without first obtaining a COA. To obtain a COA, a petitioner "must make a substantial showing of the denial of a constitutional right." Wheat v. Johnson, 238 F.3d 357, 360-61 (5th Cir. 2001) citing 28 U.S.C. § 2253(c)(2). This means a showing that "reasonable

jurists" could debate whether the Court should have denied her petition, or that the issues she presented were sufficient "to deserve encouragement to proceed further." Id. (internal citations omitted). When the district court dismisses a habeas claim on constitutional, rather than procedural, grounds, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal citations omitted); see also Arroyo v. Dretke, 362 F.Supp.2d 859 (W.D. Tex. 2005)(summarizing the law and denying a COA on some claims while granting it on others).

Bearden's COA motion primarily relies upon her claim of ineffective assistance of counsel. While her claim implicates a constitutional right, she has not shown that reasonable jurists could debate this Court's dismissal of her habeas petition. She alleges that counsel was defective in a number of respects, the details of which were addressed by the Magistrate Judge and this Court. Bearden's motion for a COA does not respond to a single specific finding by either the Magistrate or this Court. The Magistrate and this Court found that she had not satisfied the first prong of the well known Strickland test, i.e., a showing that her trial counsel's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Despite conclusory statements that the Court was wrong,

she has not provided any rebuttal or offered any reason that jurists could debate the Court's findings.

Even if Bearden had met the first prong of <u>Strickland</u>, she could not meet the prejudice prong.  <u>See</u> <u>id.</u>  To meet this requirement, she would have to show that the outcome of her trial is unreliable.  <u>Id.</u>  It is not clear from Bearden's motion how she believes the outcome would have differed with a more effective counsel.  The record does not support a finding that she is innocent of the offenses, and Bearden makes no serious effort to claim such.  Instead, her claims seem more directed to the severity of the sentence she received.

To challenge a state, as opposed to federal, sentence, Bearden must show that there was a reasonable probability that but for her trial counsel's errors her sentence would have been "*significantly less harsh.*"  <u>Miller v. Dretke</u>, 420 F.3d 356, 364-65 (5th Cir. 2005)(internal citations omitted).  Her strongest argument would probably be that, as she has complained before, her counsel did not present an insanity defense.  If the jury had found her mentally unstable, it might have taken that into account when assessing her moral culpability and given her a less harsh sentence.

However, she cannot prevail on this argument.  As the Magistrate noted, the decision not to present an insanity defense seems to have been at least partly tactical.  More importantly, Bearden cannot prevail now on a claim that counsel failed to

adequately investigate her insanity defense without making a specific showing what investigation would have revealed and how it might have changed the result of the trial.  See Miller, 420 F.3d at 361.  Furthermore, as the Magistrate noted, she was unlikely to have been seriously prejudiced.  The alleged facts that would have made up the insanity defense were before the jury as part of other testimony.

For the foregoing reasons, Bearden's request for a COA is DENIED.

DONE at Laredo, Texas, this 15th day of December, 2005.

*George P. Kazen* (signature)

George P. Kazen
United States District Judge